JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ITPEU Pension Fund, et al.

**DEFENDANTS**
NSR Solutions, Inc.

**(b)** County of Residence of First Listed Plaintiff   Union County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Susan A. Murray, Esq.- Freedman & Lorry, P.C.
1601 Market St., Suite 1500, Philadelphia, PA 19103
smurray@freedmanlorry.com, (215) 931-2506

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❐ 2  U.S. Government Defendant
- ❐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated *or* Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 625 Drug Related Seizure of Property 21 USC 881 | ❐ 422 Appeal 28 USC 158 | ❐ 375 False Claims Act |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 365 Personal Injury - Product Liability | ❐ 690 Other | ❐ 423 Withdrawal 28 USC 157 | ❐ 376 Qui Tam (31 USC 3729(a)) |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 367 Health Care/ | | | ❐ 400 State Reapportionment |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❐ 410 Antitrust |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | Product Liability | | ❐ 820 Copyrights | ❐ 430 Banks and Banking |
| ❐ 151 Medicare Act | ❐ 340 Marine | ❐ 368 Asbestos Personal Injury Product Liability | | ❐ 830 Patent | ❐ 450 Commerce |
| ❐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❐ 835 Patent - Abbreviated New Drug Application | ❐ 460 Deportation |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 350 Motor Vehicle | ❐ 370 Other Fraud | ❐ 710 Fair Labor Standards Act | ❐ 840 Trademark | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 160 Stockholders' Suits | ❐ 355 Motor Vehicle Product Liability | ❐ 371 Truth in Lending | ❐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ❐ 480 Consumer Credit |
| ❐ 190 Other Contract | ❐ 360 Other Personal Injury | ❐ 380 Other Personal Property Damage | ❐ 740 Railway Labor Act | ❐ 861 HIA (1395ff) | ❐ 490 Cable/Sat TV |
| ❐ 195 Contract Product Liability | ❐ 362 Personal Injury - Medical Malpractice | ❐ 385 Property Damage Product Liability | ❐ 751 Family and Medical Leave Act | ❐ 862 Black Lung (923) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 196 Franchise | | | ❐ 790 Other Labor Litigation | ❐ 863 DIWC/DIWW (405(g)) ❐ 864 SSID Title XVI | ❐ 890 Other Statutory Actions |
| | | | ☒ 791 Employee Retirement Income Security Act | ❐ 865 RSI (405(g)) | ❐ 891 Agricultural Acts ❐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❐ 895 Freedom of Information Act |
| ❐ 210 Land Condemnation | ❐ 440 Other Civil Rights | **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 896 Arbitration |
| ❐ 220 Foreclosure | ❐ 441 Voting | ❐ 463 Alien Detainee | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❐ 230 Rent Lease & Ejectment | ❐ 442 Employment | ❐ 510 Motions to Vacate Sentence | | | |
| ❐ 240 Torts to Land | ❐ 443 Housing/ Accommodations | ❐ 530 General | | | ❐ 950 Constitutionality of State Statutes |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 535 Death Penalty | **IMMIGRATION** | | |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | **Other:** | ❐ 462 Naturalization Application | | |
| | ❐ 448 Education | ❐ 540 Mandamus & Other ❐ 550 Civil Rights ❐ 555 Prison Condition ❐ 560 Civil Detainee - Conditions of Confinement | ❐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ❐ 2 Removed from State Court
- ❐ 3 Remanded from Appellate Court
- ❐ 4 Reinstated or Reopened
- ❐ 5 Transferred from Another District *(specify)*
- ❐ 6 Multidistrict Litigation - Transfer
- ❐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132 and 1145
Brief description of cause:
Collection of contractually obligated contributions owed to the benefit funds

## VII. REQUESTED IN COMPLAINT:
❐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
01/24/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FREEDMAN AND LORRY, P.C.
BY: SUSAN A. MURRAY, ESQUIRE
(SM-7713)
1601 Market Street, Suite 1500
Philadelphia, PA 19103
(215) 931-2506
Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITPEU PENSION FUND, by and through its Board : <br> of Trustees, Co-Chairmen DENNIS ARRINGTON : <br> and JERRY BOWDEN : <br> 216 North Ave. East, 2nd Fl. : <br> Cranford, NJ 07016 : <br> : <br> and : <br> : <br> ITPEU HEALTH AND WELFARE FUND, by and : <br> Through its Board of Trustees, Co-Chairmen : <br> DENNIS ARRINGTON and HAROLD GELBER : <br> P.O. Box 13817 : <br> Savannah, GA 31416 : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> NSR SOLUTIONS, INC. : <br> 702 Russell Ave., Suite 305 : <br> Gaithersburg, MD 20877 : <br> : <br> Defendant : | CIVIL ACTION |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.      This Court has jurisdiction over the subject matter of this action under LMRA 29 U.S.C. §185(a), ERISA 29 U.S.C. § 1132 and 29 U.S.C. §1145 and the pendent jurisdiction of the Court.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiff ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37),   (2)(A) and (3).   Dennis Arrington, and Jerry Bowden are trustees and fiduciaries with respect to the Pension Fund within the meaning of 29 U.S.C.§ 1002(21). They are authorized to bring this action on behalf of all Trustees of the Pension Fund.  The Pension Fund is administered in the District of New Jersey.

5.      ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold Gelber ("Welfare Fund" hereinafter collectively called the "Funds"), is a trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1) and (3).   Dennis Arrington and Harold Gelber are trustees and fiduciaries with respect to the Welfare Fund within

the meaning of 29 U.S.C.§ 1002(21). They are authorized to bring this action on behalf of all Trustees of the Welfare Fund.  The Welfare Fund has a business address as listed in the captioned.

6.      Defendant NSR Solutions, Inc. (hereinafter or "the Employer") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.


## FACTS

7.      At all times relevant to this action, the Employer was a party to a collective bargaining agreement(s) with the ITPEU, OPEIU Local 4873, AFL-CIO (singly or jointly, "Labor Contract"). A copy of the Labor Contract is attached as Exhibit "1."

8.      ˙ The Employer also signed or agreed to abide by the terms of the Declarations of Trust of the Funds as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

9.      Under the Labor Contract or Trust Agreement, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract or Trust Agreement;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's records concerning its obligations to the Funds; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

10.     Employer was selected for a random compliance audit for the period from January 1, 2016 to December 31, 2018.  Employer provided documents to conduct the payroll review of records to determine whether Employer was submitting contributions in accordance with the terms of the collective bargaining agreement.  According to the audit report, i.e. payroll review, the Pension Fund was owed $17,977.84 and the Welfare Fund was owed $50,893.79 in contributions. A true and correct copy of the audit report is hereto attached as Exhibit 2.

11.     Employer also owes $19,003.75 in audit fees under the Funds Trust Agreements, which provides that an employer is liable for the audit fees incurred by the Funds for the payroll compliance examination _if_ the Employer fails to remit at least 98% of the required contributions or is delinquent in excess of $10,000 for the audited period, and 29 U.S.C. §1132(g)(2).  In this case, the Employer owes each Fund in excess of $10,000.00.

12.     On November 18, 2019, a demand letter was sent, enclosing a copy of the audit.  A true and correct copy of the letter is attached as Exhibit 3.

13.     On December 4, 2019, Employer contacted Fund Counsel to review and dispute the audit results, requesting an extension to early January 2020 to identify and submit documentation of the dispute.

14.     On January 10, 2020, Fund Counsel sent a follow-up letter to Employer that as of that date no documentation disputing the amounts in the audit report had been provided.  Fund Counsel gave Employer a final extension to January 20, 2020 to submit documentation of the

disputed amounts. A true and correct copy of the January 10, 2020 letter is hereto attached as Exhibit 4.

15.     As of the date of filing of this Complaint, Employer has not responded to any further contact from Fund Counsel, nor has the outstanding amounts in the audit been paid.

**COUNT I**

**CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN**

16.     The allegations of Paragraphs 1 through 15 are incorporated by reference as if fully restated. The Employer owes the Pension Fund at least $17,977.84 in contributions due under the Labor Contract as revealed in the payroll audit.

17.     The Employer owes the Welfare Fund at least $50,893.79 in contributions due under the Labor Contract as revealed in the payroll audit.

18.     The Employer also owes the Funds $19,003.75 in audit fees due under 29 U.S.C. §1132(g)(2) and the Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $17,977.84 and in favor of the Welfare Fund for at least $50,893.79, plus any delinquencies incurred during the pendency of this action, together with liquidated damages, interest and costs, including audit fees in the amount of $19,003.58 and reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II

## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

19.     The allegations of Paragraph 1 through 18 are incorporated by reference as if fully restated.

20.     The Employer has failed to pay contributions to the Funds in violation of 29 U.S.C. § 1145.

21.     The Employer owes the Pension Fund at least the sum of $17,977.84 as well as the Welfare Fund at least the sum of $50,893.79 in contributions, plus interest and liquidated damages due under the Labor Contract as revealed in the payroll audit.

22.     The Employer also owes the Funds $19,003.75 in audit fees due under 29 U.S.C. 1132(g)(2) and the Trust Agreement.

WHEREFORE, Plaintiffs ask that the Court:

(1) Enter judgment against the Employer and in favor of the Pension Fund for at least $17,977.84 and in favor of the Welfare Fund for at least $50,893.79, plus any additional contributions incurred during the pendency of this action, together with interest, liquidated damages provided by the documents governing the Funds or ERISA 29 U.S.C. §1132(g)(2) and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment, including audit fees in the amount of $19,003.75.

(2)   Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY:   _____

SUSAN A. MURRAY, ESQUIRE
Attorneys for Plaintiffs

Date:  January 23, 2020